IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> 1750 New York Avenue, N.W. ) <br> Washington, DC 20006-5387 ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DANIEL FLEETWOOD ) <br> 36157 Miller's Neck Road ) <br> Frankford, DE  19945 ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. |

## COMPLAINT

The International Painters and Allied Trades Industry Pension Fund ("Fund" or "Plaintiff") complain of Defendant as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §1132(e), 28 U.S.C. §1331 and/or the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a).

2. Venue lies in this District pursuant to 29 U.S.C. §1132 (e)(2) and 28 U.S.C. §1391(b).

3. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail.

4. There is a real and actual case or controversy between Plaintiff and Defendant over Defendant's failure to abide by the terms of the documents of the Fund governing receipt of

183567_1.DOC

pension benefits, as well as the entitlement of the Plan to reimbursement of benefits received by Defendant to which he was not entitled.

## PARTIES

5. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Plaintiff") is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

6. Defendant, Daniel Fleetwood ("Fleetwood") is an individual who resides at the address in the caption and is the assigned beneficiary of the monthly pension benefits of John Pierce.

## BACKGROUND

7. Fleetwood is the assigned beneficiary of John Pierce ("Pierce") who was a Participant under the terms of the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan").

8. Pierce died in February 1997.

9. Prior to his death, Pierce had submitted an application for payment of disability benefits in the form of a single life annuity with five year certain option under the terms of the Plan. True and correct copies of §§6.13 and 7.13 of the Plan are attached as Exhibit 1 and incorporated by reference.

10. According to the guaranteed five-year pension option, if Pierce died before receiving sixty (60) monthly pension payments, the benefit would continue to be paid to his beneficiary until a total of sixty (60) monthly pension payments had been paid to him and the beneficiary.

11. At the time of his death Pierce had not received any payments, but his pension was retroactive to March 1, 1997. As a result, the first payment Fleetwood received included retroactive amounts for the eight (8) month period March 1997 through November 1997.

12. Plaintiff sent Fleetwood a letter on November 14, 1997, explaining that be would continue to receive monthly pension payments until February 1, 2002, after which the payments would terminate.

13. Due to an administrative error the monthly pension benefit payments continued for an additional forty two (42) months following the scheduled termination date.

14. Plaintiff's discovered the overpayments during a routine compliance review at which time Fleetwood's monthly payments were terminated effective August 2005.

15. Plaintiff's sent a certified letter to Fleetwood on August 24, 2005 notifying him that he had received forty two (42) overpayments in the total amount of $56,908.32 ($1,354.96 x 42 months) and asking Fleetwood to contact the Fund office to arrange a repayment schedule.

16. Fleetwood did not respond to the August 24, 2005 letter.

17. On June 22, 2006, a notice of debt collection was sent to Fleetwood which contained a right of appeal.

18. Fleetwood responded by sending a letter to Plaintiff's counsel on June 25, 2006, stating that he refused to repay the overpayment. The Fund treated the June 25, 2006 letter as an appeal and the Trustees reviewed Fleetwood's appeal at the May 2007 meeting, at which time the appeal was denied.

19. All conditions precedent to this lawsuit have been satisfied.

**COUNT I – ENFORCEMENT OF PENSION PLAN TERMS**

20. Plaintiff incorporates Paragraphs 1 through 19 by reference as if fully restated.

21. Section 7.13 of the Fund's Plan states in pertinent part: "If the Participant dies before receiving 60 monthly payments, the benefit will continue to be paid to the Participant's Beneficiary until a total of 60 payments have been paid to the Participant and Beneficiary."

22. Fleetwood was entitled to receive sixty (60) pension benefit payments during the period March 1997 through February 2002.

23. Fleetwood received the sixtieth (60th) and final authorized payment in February 2002.

24. No monthly pension plan benefits were payable to Fleetwood for any months beyond the sixty (60) months set forth in §7.13 of the Plan.

25. Fleetwood accepted forty two (42) payments beyond the sixty (60) payments that were permissible.

26. Fleetwood has refused to return the 42 payments he received in error.

27. Plaintiff is adversely affected by Fleetwood's acts or omissions in violation of the Plan.

WHEREFORE, Plaintiff asks that the Court:

(a)     Impose a constructive trust on Fleetwood's assets with respect to the overpayment amount of $56,908.32 and require Fleetwood to make good to the Fund any losses resulting from the overpayments and to restore to the Fund any profits which have been made through use of assets of the Fund that were not properly payable to Fleetwood;

(c)     Enter judgment against Fleetwood in favor of Plaintiff for:

(1)     Fund benefits in the amount of $56,908.32 that Fleetwood received during the period March 2002 through August 2005, which were not properly payable under the terms of the Plan;

(2) interest on such amounts until repaid to the Fund; and

(3) the costs of this action and reasonable attorney's fees; and

(d) grant such other relief, equitable, remedial or legal, as may be just, necessary or appropriate.

## COUNT II — BREACH OF CONTRACT

28. Plaintiff incorporates Paragraphs 1 through 19 by reference as if fully restated.

29. Under the terms of the Plan, Fleetwood as Pierce's designated beneficiary was entitled to receive sixty (60) monthly benefit payments because Pierce had applied for payment of disability benefits in the form of a single life annuity with five year option.

30. Upon Pierce's death, Fleetwood was notified by a November 14, 1997 letter that he would receive monthly benefit payments for the period March 1997 through February 2002 at which time the payments would terminate.

31. Fleetwood accepted these terms and received the sixty (60) authorized monthly payments.

32. No monthly pension plan benefits were payable to Fleetwood for any months beyond the sixty (60) months set forth in §7.13 of the Plan.

33. Fleetwood knowingly accepted an additional forty two (42) payments to which he knew he was not entitled under the terms of the Plan and November 14, 1997 letter.

34. Fleetwood has breached the terms of his contract with the Fund.

35. The Fund has been damaged as a proximate result of the breach of contract by Fleetwood.

WHEREFORE, Plaintiff asks that the Court:

(a) Enter judgment against Fleetwood in favor of Plaintiff for:

    (1) the overpayment of benefits in the amount of $56,908.32 that Fleetwood received from the Fund during the period March 2002 through August 2005, which were not properly payable under the terms of the Plan;

    (2) interest on such amounts until repaid to the Fund, and

    (3) the costs of this action, including attorney's fees; and

  (c) grant such other relief, equitable, remedial or legal, as may be just, necessary or appropriate.

## COUNT III – CONVERSION

36. Plaintiff incorporates Paragraphs 1 through 19 by reference as if fully restated.

37. Fleetwood has converted property of the Fund held in trust for the exclusive benefit of participants and beneficiaries of the Fund and payment solely in accordance with the terms of the Plan.

38. Fleetwood knew or reasonably should have known payments in the amount of $56,908.32 which he received during the period March 2002 through August 2005 were not properly payable to him and that his use and retention of such amounts was not authorized.

39. Fleetwood received such funds and converted them to his own use and benefit.

40. Plaintiff has been damaged by the conversion of plan assets.

WHEREFORE, Plaintiff asks that the Court:

(a) award restitution or damages and make the Fund whole for any losses resulting from Fleetwood's conversion of property, including the fair value of such property, and actual proceeds, product, offspring, rents or profits of such property that at any time came into his possession, custody or control;

(b) restore any profits and the fair value of use or lost opportunity from the use of

Fund assets, and;

(c) grant such other relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONSTRUCTIVE TRUST

41. Plaintiff incorporates Paragraphs 1 through 19 by reference as if fully restated.

42. The assets of Plaintiff have been traced into the hands of Defendant in this action.

43. Fleetwood received the assets of the Fund illegally or inequitably.

44. Fleetwood knew or reasonably should have known that payments in the amount of $56,908.32 which he received during the period March 2002 through August 2005 were not properly payable to him and that his retention of such amounts was not authorized.

45. The overpayment amount of $56,908.32 is Fund assets which remains property held in trust by the Fund.

46. Fleetwood holds the assets he received or their proceeds in trust for the Fund.

WHEREFORE, Plaintiff asks that the Court:

(a) declare a constructive trust and enter judgment against Fleetwood for the amount of $56,908.32, together with interest and any profits he has made from the use of the assets of the Fund, and;

(b) grant such other relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V – UNJUST ENRICHMENT

47. Plaintiff incorporates Paragraphs 1 through 19 and 34 to 37 by reference as if fully restated.

48. Fleetwood was overpaid benefits from the Fund.

49. Fleetwood knew or reasonably should have known that he had received an

overpayment when it was received by him.

50. It is inequitable for Fleetwood to retain the overpayments.

51. By reason of his failure to return the overpayments, Fleetwood has been unjustly enriched at the expense of the Fund and its other participants and beneficiaries.

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Impose a constructive trust on the assets improperly received by Fleetwood.

(b) Require Fleetwood to make restitution to the Fund of the assets by which he has been unjustly enriched, together with interest and any profits he has made from the use of the assets of the Fund, and;

(c) Award the Fund compensatory and punitive damages in such amount as shall be determined at trial.

(d) Enter judgment against Fleetwood for all damages suffered by the Fund, interest and profits and their costs of this action, including attorneys' fees, and

(e) grant such other relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI — BREACH OF TRUST

52. Plaintiff incorporates Paragraphs 1 through 19 by reference as if fully restated.

53. Under the terms of the Plan, Fleetwood was entitled to receive sixty (60) monthly benefit payments with the final payment to be made February 1, 2002.

54. Fleetwood was notified by a November 14, 1997 letter that the monthly benefit payments would terminate after February 1, 2002.

55. No monthly pension plan benefits were payable to Fleetwood for any months beyond the sixty (60) months set forth in §7.13 of the Plan.

56. Due to an administrative error, the Fund continued to make monthly benefit payments to Fleetwood after the termination date; payments Fleetwood was not entitled to accept under the terms of the Plan.

57. In total, Fleetwood accepted an additional forty two (42) payments to which he was not entitled.

58. Fleetwood knew or reasonably should have known that the payments he received after the termination date were overpayments not authorized under the terms of the Plan.

59. Fleetwood failed to take any corrective action regarding the overpayments.

60. The Fund has been damaged as a result of Fleetwood's breach of trust.

WHEREFORE, Plaintiff asks that the Court:

(a)   Enter judgment against Fleetwood in favor of Plaintiff for:

   (1)   the overpayment of benefits in the amount of $56,908.32 that Fleetwood received from the Fund during the period March 2002 through August 2005, which were not properly payable under the terms of the Plan;

   (2)   interest on such amounts until repaid to the Fund, and

   (3)   the costs of this action, including attorney's fees; and

  (b) grant such other relief, equitable, remedial or legal, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

_____
KENT CPREK (I.D. #40806)
SANFORD G. ROSENTHAL (I.D. #478737)
ELIZABETH A. COLEMAN *
The Penn Mutual Towers – 16th Floor
510 Walnut Street
Independence Square
Philadelphia, PA   19106-3683
215-351-0615/0611/0644
Counsel for Plaintiff

Date: 5/31/07

*Application for Pro Hac Admission of Elizabeth A. Coleman shall be made at the appropriate time.

Case 1:07-cv-00998-DAR    Document 1-2    Filed 06/01/2007    Page 1 of 7

# International Painters And Allied Trades Industry Pension Plan



Rules and Regulations
as amended and restated as of January 1, 2003

EXHIBIT 1

# IUPAT INDUSTRY PENSION PLAN                                   PAGE i

## TABLE OF CONTENTS

ARTICLE 1.   ESTABLISHMENT & CONSTRUCTION .................................................. 1

    Section 1.01   Establishment of Plan and Name .................................................. 1
    Section 1.02   Purpose .................................................. 1
    Section 1.03   Trustees .................................................. 1
    Section 1.04   Plan Effective Date .................................................. 1
    Section 1.05   Amendment of Plan .................................................. 2
    Section 1.06   Prohibited Amendments .................................................. 2
    Section 1.07   Merger or Transfer of Plan Assets .................................................. 2
    Section 1.08   Termination of Plan .................................................. 2
    Section 1.09   Termination Actions .................................................. 3
    Section 1.10   Notices .................................................. 3
    Section 1.11   Unauthorized Representations .................................................. 3
    Section 1.12   Construction .................................................. 3
    Section 1.13   Choice of Law .................................................. 4
    Section 1.14   Severability .................................................. 4

ARTICLE 2.   ADMINISTRATION .................................................. 4

    Section 2.01   Powers Of Trustees .................................................. 4
    Section 2.02   Duties and Powers of Plan Administrator .................................................. 5
    Section 2.03   Discretion .................................................. 5
    Section 2.04   Consultants .................................................. 5
    Section 2.05   Delegation and Allocation of Responsibility .................................................. 5
    Section 2.06   Reliance .................................................. 5
    Section 2.07   Limitation of Liability .................................................. 5
    Section 2.08   Indemnity .................................................. 6

ARTICLE 3.   PARTICIPATION .................................................. 6

    Section 3.01   Eligible Employees .................................................. 6
    Section 3.02   Entry Date .................................................. 7
    Section 3.03   Termination of Participation .................................................. 7
    Section 3.04   Reinstatement of Participation .................................................. 7
    Section 3.05   Acceptance of a New Contributing Employer .................................................. 8
    Section 3.06   Acceptance of A New Affiliated Employer .................................................. 8
    Section 3.07   Additional Conditions .................................................. 9
    Section 3.08   Delinquent Employers .................................................. 9
    Section 3.09   Mergers .................................................. 10

ARTICLE 4.   VESTING .................................................. 10

    Section 4.01   Vested Participant .................................................. 10
    Section 4.02   Service Vesting .................................................. 10
    Section 4.03   Age Vesting .................................................. 11
    Section 4.04   Termination Vesting .................................................. 11
    Section 4.05   Vesting Changes .................................................. 11
    Section 4.06   Years of Vesting Service .................................................. 11
    Section 4.07   One-Year Break-in-Service .................................................. 12
    Section 4.08   Effect of One-Year Break .................................................. 12
    Section 4.09   Cure of One-Year Break .................................................. 12
    Section 4.10   Family and Medical Leave .................................................. 13
    Section 4.11   Qualified Military Service .................................................. 13
    Section 4.12   Permanent Break in Service .................................................. 14

**IUPAT INDUSTRY PENSION PLAN**                                                                    **PAGE ii**

    Section 4.13    Effect of Permanent Break..................................................................................14

**ARTICLE 5.    ACCRUED PENSION BENEFIT CALCULATION..................................................15**

    Section 5.01    Accrued Benefit........................................................................................................15
    Section 5.02    Pension Benefit for Service before the Contribution Period - Qualification............16
    Section 5.03    Pension Benefit Credit for Service before the Contribution Period - Amount.........17
    Section 5.05    Benefit Credit for Service during the Contribution Period ......................................19
    Section 5.06    Maximum Contribution Rates...................................................................................19
    Section 5.07    Extra Contributions..................................................................................................20
    Section 5.08    Contribution Rate......................................................................................................20
    Section 5.09    Contribution Rate Changes.......................................................................................20
    Section 5.10    Benefit Break-In-Continuity ....................................................................................21
    Section 5.11    New Groups..............................................................................................................22
    Section 5.12    Reciprocal Pension Agreements ..............................................................................22
    Section 5.13    Merger Agreements ..................................................................................................23
    Section 5.14    Post-Retirement Benefit Increases ...........................................................................23

**ARTICLE 6.    PENSION BENEFIT PAYMENT..............................................................................24**

    Section 6.01    Normal Retirement Pension – Eligibility..................................................................24
    Section 6.02    Normal Retirement Age............................................................................................24
    Section 6.03    Normal Retirement Pension – Amount.....................................................................24
    Section 6.04    Late Retirement Pension – Eligibility.......................................................................25
    Section 6.05    Late Retirement Pension – Amount..........................................................................25
    Section 6.06    Mandatory Payment of Benefits ..............................................................................25
    Section 6.07    Mandatory Payment - Amount.................................................................................26
    Section 6.08    Special Early Retirement Pension - Eligibility ........................................................27
    Section 6.09    Special Early Retirement Pension - Amount ...........................................................28
    Section 6.10    Early Retirement Pension —Eligibility ...................................................................28
    Section 6.11    Early Retirement Pension - Amount.........................................................................28
    Section 6.12    Disability Pension — Eligibility...............................................................................29
    Section 6.13    Disability Pension - Amount....................................................................................30
    Section 6.14    Effect of Recovery by a Disabled Pensioner............................................................30
    Section 6.15    Early Vested Pension — Eligibility .........................................................................31
    Section 6.16    Early Vested Pension - Amount................................................................................31
    Section 6.17    Partial Pension - Eligibility.......................................................................................32
    Section 6.18    Partial Pension - Amount..........................................................................................32
    Section 6.19    Partial Pension – Payment Forms .............................................................................32
    Section 6.20    Non-Duplication of Pensions...................................................................................32
    Section 6.21    Taxes.........................................................................................................................33

**ARTICLE 7.    STANDARD PENSION PAYMENT FORMS............................................................33**

    Section 7.01    General Payment Restrictions...................................................................................33
    Section 7.02    Commencement of Benefits Generally.....................................................................33
    Section 7.03    Married Participants - General Rules........................................................................34
    Section 7.04    Single Participants - General Rules ..........................................................................34
    Section 7.05    Small Benefits...........................................................................................................34
    Section 7.06    Husband-and-Wife Pension at Retirement — Standard Form of Benefit Payment
                    for Married Participants.............................................................................................35
    Section 7.07    Waiver of Husband-and-Wife Pension ....................................................................35
    Section 7.08    Pre-retirement Surviving Spouse Pension................................................................37
    Section 7.09    Waiver of Pre-retirement Surviving Spouse Pension..............................................37
    Section 7.10    Pre-retirement Surviving Spouse Pension – Spouse Alternatives...........................38
    Section 7.11    Qualified Domestic Relations Orders .......................................................................39

| | | |
|---|---|---|
| Section 7.12 | Qualified Domestic Relations Order Procedures | 39 |
| Section 7.13 | Guaranteed Five-Year Pension (Unreduced Pension) — Standard Form of Benefit Payment for Unmarried Participants | 40 |
| Section 7.14 | Pre-Retirement Death Benefit - Eligibility | 40 |
| Section 7.15 | Post-Retirement Death Benefit – Amount | 41 |
| Section 7.16 | Beneficiary | 41 |
| Section 7.17 | Retirement and Suspension of Benefits Before Normal Retirement Age | 42 |
| Section 7.18 | Pensioner Reporting of Work Before Normal Retirement Age | 42 |
| Section 7.19 | Resumed Benefits Before Normal Retirement Age – Eligibility | 43 |
| Section 7.20 | Resumed Benefits Before Normal Retirement Age - Amount | 43 |
| Section 7.21 | Suspension of Benefits after Normal Retirement Age | 44 |
| Section 7.22 | Plan Disclosure of Suspension Rules | 45 |
| Section 7.23 | Pensioner Reporting of Work after Normal Retirement Age | 45 |
| Section 7.24 | Advance Determinations of Suspendible Work | 46 |
| Section 7.25 | Plan Notice of Suspension after Normal Retirement Age | 46 |
| Section 7.26 | Resumption of Benefit Payments after Normal Retirement Age - Eligibility | 46 |
| Section 7.27 | Resumption of Benefit Payments after Normal Retirement Age – Amount | 47 |
| Section 7.28 | Waiver of Suspension | 48 |
| Section 7.29 | Incompetence or Incapacity of a Pensioner or Beneficiary | 48 |
| Section 7.30 | Non-Assignment of Benefits | 48 |
| Section 7.31 | Payments to Minors | 49 |
| **ARTICLE 8.** | **OPTIONAL FORMS OF PENSION PAYMENT** | **49** |
| Section 8.01 | General | 49 |
| Section 8.02 | Joint and Survivor Options | 50 |
| Section 8.03 | Social Security (Level Income) Option | 52 |
| Section 8.04 | Combined Level Income and Joint and Survivor Option | 52 |
| Section 8.05 | Ten Year Certain Option | 53 |
| Section 8.06 | Lump Sum Payment Option | 53 |
| Section 8.07 | Benefit Payment Restrictions | 54 |
| Section 8.08 | Trustee-to-Trustee Transfers - Rollovers | 58 |
| **ARTICLE 9.** | **CLAIMS PROCEDURE & BENEFIT PAYMENTS** | **60** |
| Section 9.01 | Application | 60 |
| Section 9.02 | Partial Pension - Application Procedure | 60 |
| Section 9.03 | Information and Proof | 60 |
| Section 9.04 | Trustee Discretion and Authority | 60 |
| Section 9.05 | Initial Claim Determination | 61 |
| Section 9.06 | Request for Review | 61 |
| Section 9.07 | Decision on Review | 61 |
| Section 9.08 | Administrative Delay | 62 |
| Section 9.09 | No Rights to Assets | 62 |
| **ARTICLE 10.** | **FUNDING** | **62** |
| Section 10.01 | Funding Policy | 62 |
| Section 10.02 | Trust for Participants | 62 |
| Section 10.03 | Investments | 62 |
| Section 10.04 | Source of Benefit Payments | 63 |
| Section 10.05 | Expenses | 63 |
| Section 10.06 | Non-Reversion | 63 |
| Section 10.07 | Employer Contributions | 63 |
| Section 10.08 | Irrevocability of Contributions | 63 |
| Section 10.09 | Qualified Military Service Contributions | 63 |

Section 10.10  Return of Mistaken Contributions ........................................................................... 64
Section 10.11  Delinquent Employers ........................................................................................... 64
Section 10.12  Collection of Delinquent Contributions ................................................................. 65

**ARTICLE 11.   CONTRIBUTING EMPLOYER WITHDRAWAL** ................................................ 66

Section 11.01  Employer Withdrawal - In General ....................................................................... 66
Section 11.02  Control Group Employer - Definition ................................................................... 66
Section 11.03  Construction Industry Employers - Definition ...................................................... 66
Section 11.04  Complete Withdrawal - Defined ........................................................................... 66
Section 11.05  Partial Withdrawal - Defined ................................................................................ 67
Section 11.06  Unfunded Vested Liability .................................................................................... 67
Section 11.07  Title IV Vested Benefits ........................................................................................ 67
Section 11.08  Initial Unfunded Vested Liability ......................................................................... 68
Section 11.09  Annual Change in Unfunded Vested Liability ...................................................... 68
Section 11.10  Reallocated Liability ............................................................................................. 68
Section 11.11  Mergers ................................................................................................................. 69
Section 11.12  Amount of Control Group Employer Liability for Complete Withdrawal ........... 69
Section 11.13  Employer Proportionate Share of Initial Unfunded Vested Liability ................... 70
Section 11.14  Employer Proportionate Share of Annual Changes in Unfunded Vested Liability ........ 70
Section 11.15  Apportionment Base Period .................................................................................. 71
Section 11.16  Base Period Employer Contributions .................................................................... 71
Section 11.17  Pre-1980 Terminated Unit Contributions .............................................................. 72
Section 11.18  Employer Proportionate Share of Annual Charges for Reallocated Liability ....... 72
Section 11.19  Transfers of Liability ............................................................................................. 72
Section 11.20  De Minimis Reduction .......................................................................................... 73
Section 11.21  20-Year Payment Limitation ................................................................................. 73
Section 11.22  Insolvency Reduction ............................................................................................ 73
Section 11.23  Partial Withdrawal Liability - Amount ................................................................. 73
Section 11.24  Payment of Withdrawal Liability .......................................................................... 73
Section 11.25  Notice and Collection of Withdrawal Liability ..................................................... 74
Section 11.26  Withdrawal Liability Review ................................................................................ 74
Section 11.27  Withdrawal Liability Arbitration .......................................................................... 75
Section 11.28  Withdrawal Liability Default ................................................................................ 75
Section 11.29  Withdrawal Liability Collection Litigation ........................................................... 75
Section 11.30  Withdrawal Liability Abatement – Construction Industry Employers ................. 76
Section 11.31  Withdrawal Liability Abatement – Other Employers ........................................... 76
Section 11.32  Mass Withdrawal .................................................................................................. 76

**ARTICLE 12.   TAX RULES AND AFFILIATED EMPLOYERS** ................................................ 76

Section 12.01  Non-Discrimination .............................................................................................. 76
Section 12.02  Affiliated Employer Participation ......................................................................... 77
Section 12.03  Conditional Adoption ............................................................................................ 77
Section 12.04  General Affiliated Employer Rules ...................................................................... 77
Section 12.05  Limitation Employer ............................................................................................. 78
Section 12.06  Top-Heavy Requirements ..................................................................................... 78
Section 12.07  Maximum Benefit Limit ....................................................................................... 80
Section 12.08  Defined Benefit Plan Limit ................................................................................... 80
Section 12.09  Section 415 Aggregation ...................................................................................... 82
Section 12.10  Maximum Benefits Coordination ......................................................................... 82
Section 12.11  Restricted (High-25) Employees ........................................................................... 82

**ARTICLE 13.   DEFINITIONS** ........................................................................................................ 83

*Section 6.13   Disability Pension - Amount*

(a) The disability pension benefit shall be a monthly amount determined as follows:

    (1)    The first step is to determine the Participant's Early Retirement Pension based on Hours of Service to the Annuity Starting Date. If the Participant is younger than 55 years of age, it shall be presumed for the purpose of this step that the Participant is age 55.

    (2)    The second step is to increase by 10% the monthly amount determined above, but in no event is the monthly amount to be greater than the Accrued Benefit.

(b) Notwithstanding the foregoing, for a Participant who has earned at least 54,000 Benefit Hours and who retires under a disability pension, the amount of the disability pension shall be the Participant's full Accrued Benefit at his or her Annuity Starting Date, regardless of the age of the Participant.

(c) Payment of the disability pension shall commence on the Annuity Starting Date and shall continue thereafter, for so long as the disabled Pensioner remains Totally And Permanently Disabled or until Normal Retirement Age.

(d) Upon attainment of Normal Retirement Age without recovery from Total and Permanent Disability, a disabled Pensioner's benefits shall be converted to a Normal Retirement Pension and continue whether or not the Pensioner remains Totally and Permanently Disabled.

(e) Where the date of entitlement to Social Security disability benefits is prior to the Participant's Annuity Starting Date of the disability pension, the initial benefit payment shall equal the disability pension monthly benefit plus a retroactive amount. The retroactive amount equals the disability pension monthly benefit amount times the number of months between the Participant's Annuity Starting Date and the latest entitlement to Social Security disability benefits, the first day of the month following the month in which the Participant last worked in Covered Employment or twelve (12) months before a pension application was filed with the Plan, less any amounts paid as an Early Retirement Pension.

(f) Notwithstanding any provision of the Plan to the contrary, the disability pension shall be paid as a Husband-and-Wife Pension, subject to waiver, or any other optional form of payment that is the Actuarial Equivalent of benefits payable that is available to the Participant under the Plan. The 60-month guarantee of pension payments applies to disability pensions.

*Section 6.14   Effect of Recovery by a Disabled Pensioner*

(a) If a disabled Pensioner loses entitlement to Social Security disability benefits prior to Normal Retirement Age, such fact shall be reported in writing to the Trustees within 21 days of the date that the Pensioner receives notice of such loss from the Social Security Administration. If such written notice is not furnished, he or she will not, upon his subsequent Retirement before Normal Retirement Age, be eligible for benefits for a period equal to:

(1) The Participant and any earlier Alternate Payee will be notified of the receipt of a Domestic Relations Order and the procedures of the Plan for determining the qualified status of the Domestic Relations Order.

(2) Within a reasonable period after receipt of the Domestic Relations Order, the Plan will determine whether the Domestic Relations Order is a Qualified Domestic Relations Order and notify the Participant and each Alternate Payee of its determination.

(3) The Plan will separately account for the amount payable to the Alternate Payee under the Domestic Relations Order until a final determination of the qualified status of the Domestic Relations Order by the Plan, an appeal to the Trustees or a court of competent jurisdiction.

(4) The Plan will pay the segregated amount to the Alternate Payee under the Domestic Relations Order on a final determination that the Domestic Relations Order is a Qualified Domestic Relations Order within eighteen months after the first payment to an Alternate Payee would be required under the Domestic Relations Order. The segregated amount will be paid to the Participant or Alternate Payee otherwise entitled to all or a portion of the segregated amount in the absence of a final determination of the qualified status of the Domestic Relations Order by that date.

(5) The Plan will pay all monthly benefits that become due after a final determination that a Domestic Relations Order is a Qualified Domestic Relations Order in accordance with the Qualified Domestic Relations Order. It may adjust payments to assure that total payments do not exceed the Actuarial Equivalent of the Accrued Benefit of a Participant.

*Section 7.13   Guaranteed Five-Year Pension (Unreduced Pension) — Standard Form of Benefit Payment for Unmarried Participants*

The Guaranteed Five-Year Pension is payable where the Husband-and-Wife Pension is not applicable or the Participant and Spouse waive the Husband-and-Wife Pension. Under this form of payment, the Participant is to receive the monthly benefit provided under the Plan upon retirement for the remainder of his or her life. The amount of this pension will be the monthly benefit to which the individual is entitled under the provisions of the Plan. If the Participant dies before receiving 60 monthly payments, the benefit will continue to be paid to the Participant's Beneficiary until a total of 60 payments have been paid to the Participant and Beneficiary.

*Section 7.14   Pre-Retirement Death Benefit - Eligibility*

(a) <u>General Rule</u>. A death benefit equal to 50% of the Employer contributions made for work by a Participant shall be paid to his or her designated Beneficiary in the event:

(1) a Participant dies before his or her Annuity Starting Date; and

**CIVIL COVER SHEET**

JS-44
(Rev. 2/01 DC)

### I (a) PLAINTIFFS
International Painters and Allied Trades Industry Pension Fund

### DEFENDANTS
Daniel Fleetwood, 36157 Miler's Neck Road, Frankford, DE 19945

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sanford G. Rosenthal, Esquire
Jennings Sigmond, P.C., The Penn Mutual Towers, 16th Floor,
510 Walnut Street, Phila., PA 19106 (215) 351-0611

ATTORNEYS (IF KNOWN)

### II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY!)
(SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- [ ] 410 Antitrust

**○ B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

Personal Property
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

Bankruptcy
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

Prisoner Petitions
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

Property Rights
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

Forfeiture/Penalty
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

Federal Tax Suits
- [ ] 870 Taxes (US plaintiff or defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

Other Statutes
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⊙ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Section 1132, 28 U.S.C. Sections 1331 and 1367 Action to recover benefit overpayment.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Select YES only if demanded in complaint    JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE May 31, 2007    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.