**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| INTERNATIONAL PAINTERS AND ALLIED | ) | |
| TRADES INDUSTRY PENSION FUND | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIV NO. 07-998 (ESH) |
| | ) | |
| DANIEL FLEETWOOD | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATEMENT AND PROPOSED SCHEDULING**
**ORDER PURSUANT TO LOCAL RULE 16.3(d)**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension

Fund," "Fund," or "Plaintiff"), and Defendant, Daniel Fleetwood ("Fleetwood" and together with

Company, "Defendants"), hereby jointly submit this Statement in connection with the

Scheduling Conference scheduled for November 20, 2007, at 9:15 a.m.

The parties have conferred about matters pertaining to this case prior to the submission of

this joint statement to the extent indicated on a letter to Defendant Fleetwood (acting pro se) that

is attached as Exhibit 1. This form has been signed by counsel for Plaintiffs for all parties with

recognition that Defendant Fleetwood may have different requests if he obtains counsel. The

parties have filed a separate motion to hold the initial pre-trial by telephone, at least for

Defendant Fleetwood.

I.    <u>Brief Statements of the Case</u>: The parties hereby submit their respective brief statements

of the case:

(a)    <u>Plaintiff's Statement of the Case</u>: Fleetwood is the designated beneficiary of the

death benefits for John Pierce ("Pierce").  Pierce was a Participant under the terms of the Pension

Fund and agreed to abide by the rules and regulations as set forth in the International Painters

190027-1

and Allied Trades Industry Pension Plan ("Plan") and the terms of his pension award.

Pierce opted for payment of disability benefits in the form of a single life annuity with a five-year certain option.  According to this option, if Pierce died before receiving sixty (60) monthly pension payments, the benefit would continue to be paid to his beneficiary until a total of sixty (60) monthly pension payments had been paid to him and the beneficiary.  Pierce died in February 1997 prior to receiving any benefit payments.

On November 14, 1997, Plaintiff sent a letter Fleetwood explaining that he had been designated as Pierce's beneficiary and that, as the beneficiary, he would receive Pierce's remaining pension benefits for a total of 60 months only until February 1, 2002.  Fleetwood received his first payment in November for the retroactive amounts for the eight (8) month period March 1997 through November 1997.  Under Section 7.13 of the Plan and the letter, no benefits were payable to Fleetwood for any months beyond the sixty (60) payments.

Due to an administrative error, the monthly pension benefits continued for an additional forty-two (42) months following the schedule termination date. Fleetwood knowingly accepted these additional forty-two (42) payments totaling $56,908.32. During a compliance review in August 2005, the Funds discovered the overpayments to Fleetwood.  Fleetwood's monthly payments then were terminated.

The Fund thereafter notified Fleetwood in a certified letter dated August 24, 2005 that he had received forty-two (42) overpayments in the amount of $56,908.32 ($1,354.96 x 42 months) and requested that Fleetwood contact the Fund office in order to arrange a repayment schedule. However, Fleetwood failed to respond to the letter.

Without a response, on June 22, 2006, the Fund sent a notice of debt collection letter to Fleetwood containing a right of appeal provision.  Fleetwood responded in a letter date June 25,

2006 that he refused to repay the overpayment. The Fund treated this letter as an appeal. Thereafter the Trustees reviewed Fleetwood's appeal at the May 2007 meeting. Fleetwood's appeal was denied.

Fleetwood, by accepting the benefit payments, accepted the terms of the Plan and his death benefits award letter. Fleetwood's unauthorized receipt of benefit payments was in violation of the terms of the Plan. Fleetwood has been unjustly enriched at the expense of the Fund and its other participants and beneficiaries.

The Fund seeks repayment of the benefits Fleetwood received beyond the authorized sixty (60) benefit payments. These additional forty-two (42) payments can be traced directly to Fleetwood. Fleetwood knew or reasonably should have known were not properly payable to him. His retention of these payments is unauthorized. He knows that he holds plan assets and is a fiduciary with respect to the Plan with an obligation to return the funds. The Funds seek repayment and restitution of these funds with any profits, and ask the Court to declare a constructive trust for the amount of $56,908.32 and profits on any remaining assets or other property to which the excess payments and plan assets have been converted.

(b)     Defendant's Statement of the Case.  Fleetwood filed a memo with the Clerk dated October 8, 2007, that the Court and Plaintiff have treated as an answer to the Complaint. In his memo, Fleetwood asserted the following claims:

1.      Fleetwood does not work in the District of Columbia, has always been in Delaware and the Fund should be required to sue him where he lives, works or where the alleged breach of the alleged contract took place.

2.      He has never had a contract with the union, was never notified of any contract between the union and him nor signed anything regarding his stepfather's pension

obligating him to repay the funds to the union sent to him in error.

3.      All of the events relating to the alleged contracted took place before February 2002; there should be a time limit on when the union may bring a suit.

4.      Defendant Fleetwood has also requested additional time, as a pro se litigant, to locate an attorney to assist him in these matters, in particular to submit additional defenses to Plaintiff's claims.

II.    <u>Matters Governed by Local Rule 16.3(c):</u>

The parties agree to the following matters pursuant to Local Rule 16.3(c) as amended and Rule 26 of the Federal Rules of Civil Procedure:

1.      The case, in whole or in part, may be resolved by dispositive motions, and the parties reserve their respective rights to file such a motion.

2.      The parties agree that any remaining non-parties should be joined and all pleadings be amended by no later than December 10, 2007.  The parties believe the legal and factual issues will be narrowed by the close of discovery.

3.      The parties agree that this case may be assigned to a magistrate judge for discovery purposes only.  This case should not be assigned to a magistrate judge for trial.

4.      The parties believe that this matter would benefit from alternative dispute resolution, in particular, mediation.  The Plaintiff is also willing to explore informal settlement discussions with any Delaware counsel for Fleetwood and hope that these efforts will resolve the matter without the need for judicial resources.

5.      The parties are reasonably certain that, if settlement negotiations or mediation are not successful, Plaintiffs believe this matter can eventually be resolved in part or in whole by summary judgment.  Summary judgment motions should be due 30 days after conclusion of

expert discovery with oppositions submitted in accordance with Local Civil Rule 7. The decision date on these dispositive motions should be within 30 days of the reply deadline date.

6.      Plaintiff will make initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure to Defendant. The parties will dispense with initial disclosures by Defendant unless and until he obtains counsel.

7.      The parties ask that the time to complete regular discovery run to February 8, 2008, in view of the holidays and Defendant Fleetwood's lack of counsel. The usual limits on discovery will apply as follows:

(a)     Interrogatories. Maximum of twenty-five (25) interrogatories, including parts and subparts, by Plaintiff to Defendants and vice-versa, without leave of court. Responses due in accordance with Fed. R. Civ. P. 33.

(b)     Document Production. No maximum for requests for production of documents by each party to any other party. Responses due in accordance with Fed. R. Civ. P. 34.

(c)     Requests of Admission. Maximum of twenty-five (25) requests for admission by Plaintiff to Defendants and vice-versa. Responses due in accordance with Fed. R. Civ. P. 36.

(d)     Depositions. Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants. However, neither Plaintiff nor Defendants may exceed five (5) non-party, non-expert witness depositions without leave of Court. Each deposition is limited to a maximum of seven (7) hours (excluding a one (1) hour lunch break) unless extended by agreement of the parties or otherwise permitted by this Court. Any deposition of Defendant can be scheduled in Delaware or Philadelphia without difficulty.

8.      The parties do not expect to need expert witnesses. However, the normal requirements for exchange of expert witness reports and information should prevail, with all

depositions of experts to be completed within fifteen (15) days after the regular discovery period.

9.     As this is not a class action, all provisions regarding class action lawsuits are inapplicable.

10.     There is no need for special bifurcation of trial or discovery.

11.     The final pre-trial conference should be scheduled approximately 30 days after any decision on dispositive motions. If there are no dispositive motions, the pre-trial conference should be scheduled for a date approximately forty-five (45) days after the close of discovery.

12.     The Court should only set a trial date at the final pre-trial conference, with such date to be within 30 to 60 days after the final pre-trial conference.

Respectfully submitted,

/s/ Kent Cprek_____
KENT CPREK (I.D. 478231)
Jennifer L. Hope*
The Penn Mutual Towers – 16th Floor
510 Walnut Street
Independence Square
Philadelphia, PA   19106-3683
(215) 351-0615       Telephone
(215) 922-3524       Facsimile
kcprek@jslex.com
Counsel for Plaintiff

Date: November 13, 2007

*Application for Pro Hac Admission of Jennifer L. Hope shall be made at the appropriate time.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED | ) | |
| TRADES INDUSTRY PENSION FUND | ) | |
| | ) | |
| Plaintiff, | ) CIVIL ACTION NO. 07-998 (ESH) | |
| v. | ) | |
| | ) | |
| DANIEL FLEETWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>SCHEDULING ORDER</u>

Upon consideration of the Joint Status Report submitted by the parties in this action, the

Court enters the following Scheduling Order:

1.      All parties shall be joined and any motion to amend pleadings must be filed

amended by no later than December 10, 2007 /_____.

2.      By agreement of the parties, the initial disclosures under Rule 26(a)(1) of

the Federal Rules of Civil Procedure are not required from Defendant.  Plainitff shall make initial

disclosures on or before December 3, 2007

3.      All regular discovery shall be completed by March 10, 2008 / _____.

The parties are limited to 25 Interrogatories, 25 Requests for Admission and 10 depositions per

side.  There are no restrictions on the number of requests for production of documents.  Pursuant

to Federal Rules of Civil Procedure 30(a)(2) and 33(a), a party must obtain leave of Court before

exceeding either limitation.

4.      Expert witness reports shall be exchanged on or before February 18, 2008. All

expert depositions shall be completed by February 25, 2008 / _____.

190027-1

5.      Any motion or cross motion for summary judgment must be filed by March 26, 2008 /_____ with oppositions and replies submitted in accordance with Local Civil Rule 7.

6.      The pre-trial conference will be scheduled for a date approximately thirty (30) _____ days after any decision on dispositive motions; or, if there are no dispositive motions, the pre-trial conference should be scheduled for a date approximately sixty  (60) _____ days after the close of discovery.  The parties are responsible for adhering to the requirements of Local Rule 16.5 and Federal Rule of Civil Procedure 16 with regard to this pre-trial conference.

7.      The Court will set a trial date at the pre-trial conference, with such date to be within 30 to 60 days after the pre-trial conference.

AND NOW, this ___ day of _____, 2007, it is so ORDERED.


_____
ELLEN SEGAL HUVELLE,        J.
United States District Judge



# JENNINGS SIGMOND

### ATTORNEYS AT LAW

**JENNINGS SIGMOND, P.C.**
THE PENN MUTUAL TOWERS
16TH FLOOR
510 WALNUT STREET
INDEPENDENCE SQUARE
PHILADELPHIA, PA 19106-3683
215-922-6700
FAX 215-922-3524

Jennifer L. Hope
Direct Dial: (215) 351-0617
E-Mail Address: jhope@jslex.com

Member: PA Bar

November 12, 2007

**JENNINGS SIGMOND, P.C.**
ONE GREENTREE CENTRE
SUITE 201
MARLTON, NJ 08053
856-667-6950
FAX 856-667-6982

**(VIA UPS OVERNIGHT DELIVERY)**
Daniel Fleetwood
36157 Miller's Neck Road
Frankford, DE 19945

> RE:    IUPAT Pension Plan v Fleetwood (Death Benefits of John Pierce)
>        Case No. 07-098 (ESH) (USDC DISTRICT OF COLUMBIA)

Dear Mr. Fleetwood:

This concerns two items that Kent Cprek mentioned to your wife on the phone.

Pretrial Conference Report

A pretrial conference has been scheduled by Judge Huvelle for Tuesday, November 20, 2007 at 9:15 a.m. in the above-reference matter. Under the Federal Rules of Civil Procedure, the Court requires that the parties file a report a week prior to the conference indicating that we have discussed the matters relating to this suit.

A draft of the report is enclosed. It includes the following items:

- The report has a "Joint Statement" that repeats your memo to the court with your claims as well as your response to those claims. We and the court have accepted your memo as an "Answer" to the Complaint.

- The draft accepts the Court's mediation procedures, which may be supplemented by informal settlement discussions with any lawyer you can find in Delaware.

- The draft includes a timetable for actions in the court.

  o We will make "initial disclosures" to you but do not expect you to make them to the Fund without a lawyer.



Daniel Fleetwood
November 12, 2007
Page 2

    o  Discovery, including depositions, interrogatories and document requests are legal procedures to exchange evidence before a trial. Courts normally expect this to be completed with about 90 days after you answer the complaint. The Fund will have the right to ask you to testify under oath before trial (a deposition) and ask you for your records that relate to this case. You have the right to do the same to the Fund. We can do your deposition in Delaware, but it likely needs to be between 9 am and 5 pm from Monday to Friday as we must use a court reporter.

    o  Dispositive motions are motions to resolve the case without trial. This can be done if there are no genuine issues of material fact.

Please review this joint statement carefully. If you are uncomfortable joining this statement, we will file alone. We will file on Tuesday, November 13, 2007 as is, absent any comments from you, without binding you.

<u>Motion to Attend By Telephone</u>

The conference is to be in held in the District Court in the District of Columbia. You will need to be available, at least by phone, at this time. While we will ask the court to allow you to participate by phone, we cannot guarantee that they will agree.

**You need to be available at the time for the pretrial and must give us or the Court a telephone number to call you at work if you will not be at home.** The judge should only be called through her Courtroom Deputy's number: Gwen Franklin 202-354-3154.

Please feel free to call me with any questions at 215-351-0617. We will call you back to limit long distance charges. Thank you.

Best regards,

KENT CPREK
JENNIFER L. HOPE

KGC:jlh
ptintf.28943.c
Pierce/Fleetwood
Enclosure
cc:   Hon. Ellen Segal Huvelle (only as attachment to "joint" pretrial statement)
      Gary Meyers (via email)
      Ed Meyers (via email)

190187-1